UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Christenson, Anthony,  Civ. No. 12-2202 (PAM/AJB)
Hunt, and Brian Johnson,
individually and on behalf of
other similarly situated individuals,

           Plaintiffs,

v.  **MEMORANDUM AND ORDER**

Coki Services Corporation, d/b/a
Mr. Handyman of SW Minneapolis
and SW Minneapolis Suburbs, and Sylvia
Matijasevich and Mark Matijasevich,
individually,

           Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiffs are three individuals who work as service technicians for Defendant Coki Services Corporation, doing business as Mr. Handyman of SW Minneapolis and SW Suburbs ("Mr. Handyman"). They claim that Mr. Handyman failed to pay them all wages and overtime due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

Defendants contend that the Court lacks subject-matter jurisdiction over this action because none of the Plaintiffs are engaged in commerce and the enterprise for which they work is not engaged in commerce, as required for a FLSA cause of action. They also contend that, as a result of the failure to establish FLSA coverage, the Complaint fails to state

a claim on which relief can be granted.

**DISCUSSION**

**A.      Standard of Review**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.      FLSA**

An employee can be covered under FLSA's wage-and-hour provisions if he is either a covered individual under FLSA or the employer is a covered employer under FLSA. Here, Plaintiffs have failed to plausibly allege either requirement.

### 1. Individual Coverage

To establish a claim for a violation of FLSA, an employee must establish that he is (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). As the Supreme Court has made clear, in enacting FLSA Congress intended to regulate only those "activities constituting interstate commerce, not activities merely affecting commerce." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (citing McLeod v. Threlkeld, 319 U.S. 491, 497 (1943)).

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent used of interstate telephone, telegraph, mails, or travel.

Id. (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

Plaintiffs' Complaint establishes that they are not covered individuals under FLSA. They allege that they work in the company's service area, which is only Minneapolis and the southwestern suburbs. They work in customers' residences, and make no allegation that they regularly use the instrumentalities of interstate commerce in their work.[1] And it would be difficult to imagine that a residential handyman would regularly use such instrumentalities. The work is almost quintessentially local, not interstate.

---

[1] At the hearing, Plaintiffs' counsel contended that Plaintiffs transported and purchased tools and equipment in interstate commerce to carry out their jobs, and regularly used credit cards in their jobs. Even if these allegations sufficed to establish the interstate-commerce component of FLSA coverage, however, the allegations do not appear in Plaintiffs' Complaint.

Plaintiffs have failed to plausibly allege that they are covered individuals under FLSA.

## 2. Enterprise Coverage under FLSA

Plaintiffs can, however, sue under FLSA even if they are not individually covered if their employer is a covered employer under FLSA. To be subject to FLSA, an employer must be "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). An enterprise is engaged in commerce or in the production of goods for commerce if it

> (i) has employees engaged in commerce or in the production of goods for commerce, or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A).

There is no plausible allegation in the Complaint that Mr. Handyman has employees engaged in commerce in any way. As noted above, a residential handyman service is perhaps by definition a local, not interstate, enterprise.

Defendants also argue that Plaintiffs know that the business does far less than $500,000 a year in business, because Defendants post this information at their offices for all employees to see. But for the purposes of this Motion, the Court must accept as true Plaintiffs' allegation that Defendants might qualify for the minimum sales volume under FLSA. This allegation does not change the analysis, however, because the statute is conjunctive: the employer must have both more than $500,000 in sales and must have

4

employees engaged in commerce or in the production of goods for commerce. Plaintiffs have not and cannot plausibly allege that Defendants' employees are engaged in commerce and their claims therefore fail as a matter of law.

**CONCLUSION**

Plaintiffs have failed to plausibly allege that they or the business for whom they work are subject to FLSA. Their Complaint must therefore be dismissed. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss (Docket No. 5) is **GRANTED**; and

2. The Complaint (Docket No. 1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 27, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge